IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 AUG 19 AM 11: 42

Robert M. March
CLERK-ALBUQUERQUE

ISIDORO CONTRERAS-LOZANO,

Petitioner,

vs.                                         CIVIL NO. 03-319 MCA/DJS
                                            Criminal No. 02-1779 MV

IMMIGRATION AND NATURALIZATION
SERVICE,

Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. Petitioner has applied for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. claiming that he was denied due process in his deportation and, subsequently, was denied due process by his conviction for violating his deportation and returning to this country without permission.

**Procedural History**

2. On January 14, 2003, Petitioner was convicted in the District of New Mexico of Reentry of a Deported Alien Previously Convicted of an Aggravated Felony contrary to 8 U.S.C. §1326(b)(2). He was sentenced to a term of imprisonment of 41 months. On March 13 of this year,

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Petitioner filed the instant action as a motion for relief pursuant to 28 U.S.C. §2241.

3. As grounds for relief, Petitioner asserts that he was denied the opportunity to seek discretionary relief from deportation during his deportation hearing held in May, 2001 in El Paso, Texas. Shortly after Petitioner was deported from the United States, the Supreme Court held that persons convicted of aggravated felonies were not barred from a discretionary waiver of deportation based on hardship where those persons had pleaded guilty to the relevant felony offense prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act. Immigration and Naturalization Service v. St. Cyr, 533 U.S. 289, 321 (2001). Petitioner sought a hardship waiver of his deportation[2], but was told he was not eligible for such a waiver due to his guilty plea to Third Degree Kidnaping in 1991. A little over a month after he was denied consideration of a hardship waiver and deported, the St. Cyr decision was published. Petitioner contends that his due process rights were violated and seeks an opportunity to obtain a hardship waiver of his deportation.

4. Respondent argues that this Court lacks jurisdiction to hear the matter because Petitioner names the Immigration and Naturalization Service as the respondent, rather than his custodian. Further, Petitioner is currently incarcerated at FCI Oakdale, located in the Western District of Louisiana. See Supplement to United States' Answer filed August 14, 2003 (Docket No. 10). A

---

[2] Such a waiver was then provided for in section 212(c) of the Immigration and Naturalization Act, which stated in pertinent part:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under any order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. §1182(c) (1994).

§2241 petition that attacks the execution of a sentence rather than its validity must be filed in the district where the prisoner is confined. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000); Bradshaw v. Story, 86 F.3d 164 (10th Cir. 1996); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986).

6. Although the application should be transferred to the district court in the Western District of Louisiana pursuant 28 U.S.C. §1631, this Court is "authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *United States v. Lee*, No. 00-6302, 2001 WL 127766, at **1 (10th Cir. Feb. 15, 2001) (unpublished disposition)(quoting *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)). Petitioner's case is not clearly doomed; however, he appears to be attacking the validity of his deportation. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir.1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to ... § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)). To the extent Petitioner challenges the action of the Immigration Judge in deporting him, Petitioner must proceed before the 5th Circuit Court of Appeals. Congress has declared that petitions for review of INS orders of removal must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. §1252(b)(2), INA §242(b)(2). Further, such review is not obtained pursuant to 28 U.S.C. §2241 but rather 8 U.S.C. §1252 in an action brought directly before the Court of Appeals. See Hernandez v. Ashcroft, 2003 WL 21690537 (10th Cir. July 21, 2003)(unpublished disposition).

7. To the extent Petitioner is challenging an essential element of the conviction for which he

3

is currently serving the forty-one month sentence, to wit, the validity of his deportation in 2001, and seeking relief from that criminal sentence, he must challenge his conviction pursuant to direct appeal or a motion brought pursuant to 28 U.S.C. §2255. However, this Court is not free to recharacterize the petition. "'[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under §2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under §2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.'" Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (quoted in United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000)).

**RECOMMENDED DISPOSITION:**

That this matter be transferred to the Western District of Louisiana for consideration by the District Court.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE